IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| Vs. | ) Case No. 1:24-cv-321 ) |
| LOST RUN FARM COMMUNITY ASSOCIATION, INC., ARMOUR PROPERTY MANAGEMENT, LLC, VINCENT KROON, BEN WHEAT, SCOTT BRUNS, ASHLEE WHEAT, EDWARD KOWLOWITZ, REBECCA KIELL, JOHN GARCIA AND MARY KAY GARCIA, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, The Cincinnati Insurance Company. and hereby states its Complaint for Declaratory Judgment against Defendants Lost Run Community Association, Inc., Armour Property Management, LLC, Vincent Kroon, Ben Wheat, Scott Bruns, Ashlee Wheat, Edward Kowlowitz, Rebecca Kiell, John Garcia, and Mary Kay Garcia, as follows:

### THE PARTIES

1. Plaintiff, The Cincinnati Insurance Company ("CIC"), is a corporation organized under the laws of the State of Ohio, with its principal place of business in Fairfield, Ohio, and which is authorized to engage in the business of selling insurance in the State of Indiana.

2. Defendant Lost Run Farm Community Association, Inc. ("Lost Run Association") is a non-profit corporation organized under the laws of the State of Indiana, with its principal place of business in Carmel, Indiana, that, through its Board of Directors ("Board") and Architectural Review Board ("ARB"), operates a homeowners association in the Lost Run subdivision in Zionsville, Indiana.

3. Defendant Armour Property Management, LLC ("Armour Property") is a limited liability company organized under the laws of the State of Indiana, with its principal place of business in Carmel, Indiana, that serves as the property manager for Lost Run Association. Armour Property has two members/managers, Cindy Armour and Kelly Armour, both of whom are citizens and residents of the State of Indiana.

4. Defendants Vincent Kroon ("Kroon"), Ben Wheat ("Wheat"), Scott Bruns ("Bruns"), Ashlee Wheat, Edward Kowlowitz ("Kowlowitz") and Rebecca Kiell ("Kiell") are citizens and residents of the State of Indiana and members of the Board and/or the ARB. These Defendants also own homes in the Lost Run Subdivision and are members of the Lost Run Association, by virtue of their home ownership.

5. Defendants John and Mary Kay Garcia (collectively "Garcias") are citizens and residents of the State of Indiana and owners of a home in the Lost Run subdivision and members of the Lost Run Association, by virtue of their home ownership.

## JURISDICTION AND VENUE

6. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

7. There is complete diversity among the parties and the subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332.

8. Venue lies with this Court pursuant to 28 U.S.C. §1391(b)(2) as the property and events giving rise to this dispute are located/occurred in this judicial district.

9. This is an action for declaratory judgment brought pursuant to Indiana's Uniform Declaratory Judgment Act, Ind. Code §§ 34-14-1-1, *et seq.*, and 28 U.S.C.A. §2201, in which CIC seeks a declaration of its rights and legal obligations arising from a contract of insurance entered into between CIC and Lost Run Association.

10. CIC issued the subject insurance contract in the State of Indiana.

## THE INSURANCE CONTRACT

11. CIC issued a policy of commercial insurance providing Commercial General Liability ("CGL") coverage and Condominium or Homeowners Associations Wrongful Acts ("Wrongful Acts") coverage to named insured Lost Run Farm Community Association, Inc. ("Lost Run Association"), bearing Policy No. EPP 0470120, with a policy period of January 1, 2020, through January 1, 2021 (hereinafter referred to collectively with all renewals as the "Policy"). A true and accurate copy of the Policy (liability portions only) is attached as Exhibit "A."

## THE CLAIMS

12. This case concerns a dispute arising between and/or among the Garcias and Lost Run Association, its Board and/or the ARB, Armour Property, Kroon, B Wheat, Bruns, A Wheat, Kowlowitz and Kiell during the construction of the Garcias' new home in the Lost Run Subdivision in Zionsville, Indiana.

13. The Garcias contend that Lost Run Association, through the Board and the ARB, Armour Property, Kroon, B Wheat, Bruns, A Wheat, Kowlowitz and Kiell enforced restrictive covenants and other regulations and unwritten policies against them during the construction of their home in a discriminatory manner, on the basis of John Garcia's

ethnicity and Mary Garcia's disability, when the Board and/or ARB did not enforce these same covenants, regulations and unwritten policies against other homeowners in the Lost Run Subdivision. They claim damages as a result of these discriminatory actions.

## THE LAWSUIT

14. On October 24, 2022, the Lost Run Association filed a lawsuit against the Garcias in the Boone Superior Court, County of Boone, Indiana, Cause No. 06D01-2210-PL-001319, styled *Lost Run Farm Community Association, Inc. v. John C. Garcia and Mary Kay Garcia* (the "Lawsuit").

15. A true and accurate copy of the Complaint that Lost Run Association filed in the Lawsuit is attached as Exhibit "B".

16. In its Complaint, Lost Run Association sought enforcement of covenants and by-laws against the Garcias, requesting the Court to order the Garcias to:

- Pay all monthly impact fees that are in arrears until work on the construction project and related equipment and materials are removed from the property;

- Immediately remove all unapproved landscaping materials, including all unapproved stone outcroppings and screen fencing;

- Immediately install adequate silt fencing at the edge of the pond to prevent continued run-off and damage to the pond;

- Pay for all cleanup and remediation costs for the pond associated with the run-off damage caused by the construction of their property;

- Submit their Site Development Plan to ARB for review and approval and follow any recommended changes of the ARB;

- Reimburse Lost Run Association for all expenses and costs necessary to correct and remediate their violations of Covenants and By-Laws relating to unapproved landscaping work and other violations relating to the construction on their property, including legal fees and other legal costs and expenses.

Lost Run Association also requested the Court to award it damages for the Garcias' violations of Covenants and By-Laws.

17. On November 14, 2022, Lost Run Association filed its Amended Complaint in the Lawsuit. A true and accurate copy of the Amended Complaint that Lost Run Association filed in the Lawsuit is attached as Exhibit "C".

18. In its Amended Complaint filed in the Lawsuit, Lost Run Association requests the Court to order the Garcias to:

- Pay all monthly impact fees that are in arrears until work on the construction project and related equipment and materials are removed from the property;

- Immediately remove all unapproved landscaping materials, including all unapproved stone outcroppings, screen fencing and landscape lighting;

- Immediately install adequate silt fencing at the edge of the pond to prevent continued run-off and damage to the pond;

- Pay for all cleanup and remediation costs for the pond associated with the run-off damage caused by the construction of their property;

- Stop all improvements on the exterior of their property until they submit and receive approval for a Site Development Plan from the ARB;

- Submit their Site Development Plan to the ARB for review and approval and to follow any recommended changes of the ARB; and

- Reimburse Lost Run Association for all expenses and costs necessary to correct and remediate their violations of Covenants and By-Laws relating to damage to the bridge and point, unapproved landscaping work and other violations relating to the construction on their property, including legal fees and other legal costs and expenses.

Lost Run Association also requested the Court to award it damages for the Garcias' violations of Covenants and By-Laws.

19. On December 7, 2022, the Garcias filed their Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Counterclaims against Lost Run Association in the Lawsuit. A true and accurate copy of the Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Counterclaims that the Garcias filed in the Lawsuit is attached as Exhibit "D".

20. In their Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Counterclaims, the Garcias asserted a breach of contract claim, based on Lost Run Association's alleged breach of the Owner Lot Development Contract by regulating and controlling the initial construction of the Garcia Property in express contradiction to the terms set forth in the Owner Lot Development Contract. They also asserted a claim for indemnification under the Fourth Amended and Restatement Declaration of Covenants, Conditions and Restrictions for Lost Run Farm.

21. On August 24, 2023, the Boone Superior Court in the Lawsuit granted leave and deemed filed the Garcias' Amended Counterclaims and Third-Party Claims against Lost Run Association, Armour Property, Kroon, Wheat, Bruns, Ashley Wheat, Kowlowitz

and Kiell. A true and accurate copy of the Amended Counterclaims and Third-Party Claims that the Garcias filed in the Lawsuit is attached as Exhibit "E".

22. In their Amended Counterclaims and Third-Party Claims, the Garcias detail a multitude of actions allegedly taken by Lost Run Association, the Board, the ARB, Armour Property and the individual homeowners and Board or ARB members Kroon, Wheat, Bruns, Ashley Wheat Kowlowitz and Kiell, to enforce restrictive covenants, other regulations and unwritten rules against the Garcias during the construction of their home. The Garcias allege that these actions were discriminatory, based on their ethnicity and/or disability and that Lost Run Association, through the Board and/or the ARB, and Armour Property did not enforce these covenants against other homeowners.

23. The Garcias assert the following counterclaims/third-party claims in their Amended Counterclaim and Third-Party Claims:

- Violation of the Fair Housing Act (42 USC §§ 3601 *et. seq.*) – all Defendants;
- Violation of the Fair Housing Act (42 U.S.C. § 3604(f)(3)(B)) – ARB, Wheat, Kowlowitz, and Kiell;
- Violation of the Indiana Fair Housing Act – all Defendants;
- Violation of the Civil Rights Act of 1866 (42 U.S.C. § 1982) – all Defendants;
- Intentional infliction of emotional distress - all Defendants;
- Breach of Fiduciary Duties – Wheat, Bruns, Kroon, Ashlee Wheat, Kowlowitz, and Kiell;
- Enforcement of Restrictive Covenants – Wheat, Bruns, Kroon, Ashlee Wheat, Kowlowitz, and Kiell;
- Breach of Contract – Lost Run Association; and

- Declaratory Judgment Relief.

## EXISTENCE OF A CONTROVERSY

24. Lost Run Association requested defense and indemnity coverage under CIC's Policy for the Counterclaims the Garcias filed on October 7, 2022 for breach of contract and indemnification.

25. CIC denied Lost Run Association's request for defense and indemnity coverage for those Counterclaims, as the Policy does not provide coverage for them.

26. Lost Run Association (including the Board and the ARB), Armour Property, Wheat, Bruns, Kroon, Ashlee Wheat, Kowlowitz and Kiell have requested defense and indemnity coverage under CIC's Policy for the Amended Counterclaims and Third-Party Claims filed by the Garcias' on August 24, 2023 for discriminatory conduct.

27. CIC denied the request of Lost Run Association (including the Board and the ARB), Armour Property, Wheat, Bruns, Kroon, Ashley Wheat, Kowlowitz and Kiell for a defense and indemnity coverage for the August 24, 2023 Amended Counterclaims and Third-Party Claims, as the Policy does not provide coverage for them.

28. For one or more of the following reasons, the Policy does not provide coverage to any of the Defendants for the claims asserted in the Counterclaims, Amended Counterclaims and Third-Party Claims:

   a. The Counterclaims, Amended Counterclaims and Third-Party Claims do not meet the definition of an "occurrence" under the CGL;

   b. The Counterclaims, Amended Counterclaims and Third-Party Claims are excluded from coverage under the CGL by the Expected or Intended Injury exclusion;

c. Some or all of the Counterclaims, Amended Counterclaims and Third-Party Claims do not state claims for "property damage" or "bodily injury" as those terms are defined in the CGL;

d. Some or all of the Counterclaims, Amended Counterclaims and Third-Party Claims are excluded from coverage under the CGL by the exclusions for Damage to Impaired Property and Property Not Physically Injured and Damage to Property;

e. The Counterclaims, Amended Counterclaims and Third-Party Claims are excluded from coverage under the Wrongful Acts by the Dishonest, Criminal, or Malicious Acts exclusion;

f. The Counterclaims, Amended Counterclaims and Third-Party Claims are excluded from coverage under the Wrongful Acts by the Violation of Civil Rights exclusion.

g. The Counterclaims, Amended Counterclaims and Third-Party Claims seek equitable relief that are not "wrongful acts" and do not assert any covered damages under the Wrongful Acts;

h. The claims for emotional distress in the Amended Counterclaims and Third-Party Claims are excluded from coverage under the Wrongful Acts by the Bodily Injury, Personal Injury, or Property Damage exclusion;

i. Any claim for property damage in the Amended Counterclaims and Third-Party Claims is excluded from coverage under the Wrongful Acts by the Bodily Injury, Personal Injury, or Property Damage exclusion;

9

j.  The claims for breach of contract in the Amended Counterclaims and Third-Party Claims are excluded from coverage under the Wrongful Acts by the Breach of Contract exclusion;

k.  Armour Property is only an insured under the CGL for its actions as a real estate manager for Lost Run Association;

l.  Armour Property is only an Additional Insured under the CGL with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to Lost Run Association and located at 24 Lost Run Lane, Zionsville, Indiana;

m.  Armour Property is not an insured under the Wrongful Acts;

n.  The claims against Armour Property in the Amended Counterclaims and Third-Party Claims do not meet the definition of "wrongful acts" under the Wrongful Acts;

o.  The individual members of the Board and/or ARB are only insureds under the CGL with respect to their duties as officers and directors; the Third-Party claims allege conduct that is outside of those duties, including the request for enforcement of the restrictive covenants against the individual members as homeowners; and

p.  The individual members of the Board and/or ARB are only insureds under the Wrongful Acts coverage while acting within the scope of their duties as directors and officers; the Third-Party Claims allege conduct that falls outside of those duties, including the request for enforcement of restrictive covenants against the individual members as homeowners.

29. In light of the disparate positions between and among CIC and Lost Run Association (including the Board and the ARB), Armour Property, B Wheat, Bruns, Kroon, A Wheat, Kowlowitz and Kiell, regarding the rights to defense and/or indemnity for them in the Lawsuit, an actual controversy exists under Ind. Code § 34-14-1-1, *et seq*. and 28 U.S.C.A. §2201 and this Court is requested to issue a declaration of the rights and duties of CIC and Lost Run Association (including the Board and the ARB), Armour Property, B Wheat, Bruns, Kroon, A Wheat, Kowlowitz and Kiell under the Policy.

30. The Garcias are joined pursuant to Ind. Code § 34-14-1-11 and 28 USCA §2202, as they are persons who claim an interest which would be potentially affected by the requested declaration. CIC is seeking no affirmative relief against the Garcias other than to bind them to the outcome of this dispute. CIC is willing to dismiss the Garcias from this action if they stipulate that they will be bound by this Court's judgment.

**WHEREFORE**, CIC respectfully requests this Court issue a declaratory judgment in its favor stating that CIC has no duty to defend or indemnify Lost Run Association (including the Board and the ARB), Armour Property, Wheat, Bruns, Kroon, Ashlee Wheat, Kowlowitz and Kiell for the Lawsuit. CIC further prays for its costs, its attorneys' fees, and such other relief to which it may be entitled.

Respectfully submitted,

Date: February 21, 2024

*/s/ Dane A. Mize*
Dane A. Mize
Indiana Bar No. 23072-49
SKILES DETRUDE
150 East Market Street, Suite 200
Indianapolis, IN 46204
dmize@skilesdetrude.com
(317) 321-2406

## CERTIFICATE OF SERVICE

      The foregoing *Complaint for Declaratory Judgment* was filed by function of the Court's ECF system and can be downloaded from same.

Date:  February 21, 2024        */s/ Dane A. Mize*
                                          Dane A. Mize
                                          Indiana Bar No. 23072-49
                                          SKILES DETRUDE
                                          150 East Market Street, Suite 200
                                          Indianapolis, IN  46204
                                          *dmize@skilesdetrude.com*
                                          (317) 321-2406